## Townsend v. Gemehl, Appellant.

*Evidence—Cross-examination—Letter — Negligence — Automobile.*

In an action to recover damages for personal injuries sustained by a collision between a wagon driven by plaintiff and an automobile operated by defendant's chauffeur, where the chauffeur called as a witness by defendant testifies as to facts which tended to show that the collision occurred owing to the way the plaintiff was driving, he may be asked on cross-examination whether he had not written a letter to the plaintiff saying "I will pay. It was my fault through the wet streets and the rain on the wind-

shield"; and such ruling is correct although the letter may have been previously offered by the plaintiff and not admitted, and was not subsequently offered in evidence.

Argued Oct. 21, 1915.  Appeal, No. 97, Oct. T., 1915, by defendants, from judgment of C. P. No. 1, Philadelphia Co., June T., 1913, No. 926, on verdict for plaintiff in case of Frederick Townsend v. Camille Gemehl, trading as American Taxicab Company.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

At the trial it appeared that the injuries were sustained as the result of a collision between a wagon which the plaintiff was driving on December 30, 1912, and an automobile owned by defendant but operated at the time by his chauffeur, Robert Tyrer.

The plaintiff called Robert Tyrer and offered in evidence a letter written by Tyrer shortly after the accident.  An objection to the admission of the letter was sustained.  Tyrer was subsequently called by the defendant and testified that the collision occurred owing to the way the plaintiff was driving.  On cross-examination he was asked this question:

"Q.—Immediately after the accident you wrote a letter to Mr Townsend?

"A.—Yes, sir.

"Q.—In that letter did you state this——

"(Objected to by Mr. Bromley.)

"The Court.—You can show him the letter and ask him to identify it.

"(Letter produced and shown.)

"By Mr. White:

"Q.—Is this the letter which you wrote him?

"A.—That is my signature.

"Q.—You wrote that immediately after the accident?

"A.—I did not say 'immediately.'

"By the Court:

"Q.—How long after the accident?

"A.—Witness refers to letter of 1912.

"(Envelope produced and shown.)

"Q.—That is the envelope in which you sent it?

"A.—Yes, sir.

"Q.—It says up in the corner—Station O, Philadelphia, December 30, 1912, 9:30 p. m.

"A.—Yes, sir; I must have wrote it the same day or after the accident.

"Q.—In the letter you stated——

"(Objected to by Mr. Bromley.)

"The Court.—Anything he said in the letter about the accident, you can show him.

"By Mr. White:

"Q.—You said this, did you not? 'Now, Mr. Townsend, I will pay, it was my fault through the wet street and the rain on the wind shield?'

"(Objected to by Mr. Bromley for the reason that the witness was called for the purpose of stating the facts of the accident without any opinion thereon.)

"Objection overruled. Exception."

Verdict for plaintiff for $12,000.00 upon which judgment was entered for $800.00; all above that amount having been remitted.

*Error assigned* was ruling on evidence as above quoting the bill of exceptions.

*George Douglas Hay,* with him *B. Gordon Bromley,* for appellant.—The admission of the Tyrer letter on cross-examination was improper both as substantive evidence to make out the plaintiff's case, or to impeach the credibility of the witness: Floyd v. Bovard, 6 W. & S. 75; Jackson v. Litch, 62 Pa. 451; Glenn v. Philadelphia & West Chester Traction Co., 206 Pa. 135; Keystone Brewing Co. v. Varzaly, 39 Pa. Superior Ct. 155;

Gallagher v. Philadelphia Rapid Transit Co., 248 Pa. 304.

The Tyrer letter was inadmissible on cross-examination to test the credibility of the witness, as it contained nothing contradictory, and its admission is reversible error: Jackson v. Litch, 62 Pa. 451; Thomas & Louis v. Loose, 114 Pa. 35; Warner Co. v. Exeter Machine Works, 58 Pa. Superior Ct. 477; American Steamship Co. v. Landreth, 102 Pa. 131.

*Maurice W. Sloan,* for appellee.—The statement of facts by the witness in the letter contradicted his testimony and was a proper subject of cross-examination: Rothrock v. Gallagher, 91 Pa. 108; Cronkrite v. Trexler, 187 Pa. 100; Com. v. Racco, 225 Pa. 113; Schlater v. Winpenny, 75 Pa. 321; Wilson v. Wilson, 137 Pa. 269; Walden v. Finch, 70 Pa. 460; Kreiter v. Bomberger, 82 Pa. 59.

OPINION BY ORLADY, J., March 1, 1916:

The sole assignment of error presented, relates to the cross-examination of the defendant's chauffeur respecting the contents of a letter he had written to the plaintiff immediately after the accident happened. From the record it appears that when the witness was on the stand for the plaintiff the letter was produced, offered in evidence, and excluded on the objection made by defendant's counsel; the court saying, "the defendant cannot be bound by a letter written by this man; he is not the defendant." The same witness was called by the defendant and examined fully in regard to the accident, during which he testified to saying, at the time of the accident, "Mr. Townsend, it is not a question whose fault it is, just send me the bill and I will pay for it." And on cross-examination, as the defendant's witness, the court permitted him to be asked if he had not stated in writing, "I will pay, it was my fault through the wet streets and the rain on the wind shield." The letter was not again

offered in evidence and the cross-examination was confined to the alleged contradiction from his examination in chief.

The defendant developed his case through this witness, and the whole transaction was thus opened for investigation. The cross-examination related only to the facts of the accident and admissions of the chauffeur as to its cause, not as part of the res gestæ, but for the purpose of discrediting his earlier statements and impeaching his credibility. In this there was no reversible error, and the judgment is affirmed.