Jones *v.* Karis et ux., Appellant.
Karis, Appellant, et vir. *v.* The Exhibitors Service Company.

Argued April 24, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Carl W. Brueck,* for appellant, Nos. 90 and 91.

*Harry Alan Sherman,* for appellee No. 90.

*James J. Burns, Jr.,* for appellee No. 91.

PER CURIAM, July 23, 1942:

These were cross-actions of trespass growing out of the same accident—a right-angle collision at the corner of Grant Street and Fifth Avenue, Pittsburgh. Jones, the plaintiff in No. 90 was the driver of the truck belonging to The Exhibitors' Service Company, defendant in No. 91. Mrs. Karis, the appellant in both cases, was the owner and driver of the automobile which collided with the truck. Jones was driving the truck northwardly on Grant Street when he was run into by Mrs. Karis, who was driving her car westwardly on Fifth Avenue. The cases were tried together. The jury returned a verdict in No. 90 in favor of Jones, the plaintiff, for $1750, and in No. 91 a verdict for the defendant, The Exhibitors' Service Company, on its counterclaim, for $99.75.

The court in banc refused Mrs. Karis' motions for new trials and for judgments non obstante veredicto, and judgments were entered on the verdicts. She appealed to this court. No assignments of error were filed to the charge of the court, or to the admission or re-

jection of evidence. The assignments are confined to the refusal of the motions for judgment non obstante veredicto, based on the alleged contributory negligence of the driver of the truck.

The following excerpts from the opinion of Judge JAMES, specially presiding at the trial, fully justify the action of the court in sustaining the verdicts of the jury.

"In the case of *Charles M. Jones v. Karis and Wife* the evidence of the plaintiff was that as an employee of The Exhibitors' Service Company in distributing newspapers for the Pittsburgh Post Gazette he was driving along Grant Street, Pittsburgh, about 2:45 A.M. approaching Fifth Avenue, in the direction from the Post Gazette Office toward the Pennsylvania Railroad Station. That before he entered the intersection he slowed down, put his delivery truck into second gear, looked in both directions on Fifth Avenue and proceeded slowly to cross the intersection, and after entering the intersection, at or near the car rail he observed the lights of a vehicle, which proved to be the one [Mrs.] Karis was driving, approaching on Fifth Avenue ninety to one hundred feet away. That plaintiff continued to drive carefully across Fifth Avenue, and when he observed the lights further approaching he attempted to turn left to avoid being struck, but that he could not get out of the way, and Frances Karis, the driver of the other car, struck the rear right wheel of his truck, causing it to turn over on Grant Street past the north curb of Fifth Avenue, from which serious injuries resulted to plaintiff ......

"The reason assigned for judgment n. o. v. is that the court refused binding instructions in favor of defendant [Mrs. Karis].

"All the facts having been fairly submitted to the jury under a dispute of testimony the only question that can possibly arise is, did the testimony of plaintiff

stamp him as being contributorily negligent as a matter of law?

"The difficulty arises from the contention of counsel for [Mrs.] Karis that the testimony of plaintiff, particularly on page 8 of the record of the testimony, shows that Jones entered the intersection without first looking to his left or right for approaching traffic, and that therefore he is guilty of contributory negligence. But a reading of the testimony as a whole does not show such an alleged admission. Even if the testimony of plaintiff Jones should appear to be conflicting, the questions of negligence and contributory negligence were still for the jury, and in view of the definite testimony on page 21 of the record that Jones did look up and down Fifth Avenue when he got to the intersection, that he continued to keep watch, that he entered the intersection when the Karis car was ninety to one hundred feet away, and that he continued [in order] to escape the accident, surely the question of negligence was one for the jury. *Miller v. Lehigh Valley Railroad Co.,* 58 Pa. Superior Ct. [558, pp. 570], 571 ......
*Johnson v. Staples,* 135 Pa. Superior Ct. [274], 281, [5A. 2d 433], *Haverkamp v. Sussman,* 317 Pa. [187], 189, [176 A. 206].

"The testimony of plaintiff Jones was corroborated by other witnesses. Under all of this testimony there is no reason why the court should hold that Jones was guilty of contributory negligence as a matter of law."

We agree that whether or not Jones was guilty of contributory negligence was a question of fact for the jury.

The assignments of error are overruled and the judgments are severally affirmed.