Knies *v.* Kraftsow, Appellant.

Argued September 29, 1944.   Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Raymond A. White, Jr.,* for appellant.

*Manuel Steinberg,* with him *Arthur M. Cooper,* for appellee.

Opinion by Reno, J., December 13, 1944:

The automobile accident out of which this action of trespass arose occurred at the intersection of 17th and Locust Streets in Philadelphia at about 3 o'clock A. M. Plaintiff has the judgment below and defendant, contending the record shows plaintiff's contributory negligence, has assigned as error the lower court's refusal to grant judgment n. o. v. or a new trial. As the jury's verdict requires us to do, the evidence will be considered in the light most favorable to plaintiff, and he will be given the benefit of every legitimate inference of fact to be drawn from the testimony in the record.

Locust Street runs east and west, with one-way traffic in a westwardly direction; while 17th Street runs north and south, with one-way traffic for southbound vehicles. Both intersecting streets are 26 feet wide from curb to curb with 12 foot sidewalks on either side, and there is a street-car track in the center of 17th Street. At the time of the accident the weather was clear and the streets were dry. Traffic lights at the intersection were not in operation, but street lights at the northeast and southwest corners were lighted and visibility was good.

Plaintiff was proceeding south on 17th Street at 15 miles an hour with the left side of his car 4 to 6 feet from the east curb. As he came to the building line at Locust Street he slowed to 10 miles an hour, looked to his left, and saw the headlights of defendant's car in the center of Locust Street and about 150 feet east of the east curb line of 17th Street. At that time plaintiff could not judge the speed of defendant's car, but he proceeded to the curb line at 10 miles an hour, slowed his own vehicle further, looked again to his left, and saw defendant's car 110 to 120 feet away and travelling at a speed estimated to be 30 miles an hour. Plaintiff entered upon the crossing at 10 miles an hour, defendant's speed increased, and plaintiff, seeing an

accident to be imminent, swerved to the right, but his car was struck to the rear of the center of the left side, when he had reached the middle of the intersection.

Defendant's negligence is not now disputed, and from this account it is clear that the question of plaintiff's contributory negligence was for the jury. Plaintiff approached the intersection from defendant's right, and thus had the technical right of way, in addition to which, if his testimony is accepted, he entered the crossing well in advance of defendant and was not bound to anticipate that defendant would continue to bear down upon him at an increasing rate of speed. As was said in *Adams v. Gardiner,* 306 Pa. 576, 581, 160 A. 589: " . . . . . . plaintiff cannot, on the facts as they then appeared to him, be held chargeable with knowledge that a collision was inevitable if he continued on his way. If it appeared to him that his car would reach the intersection first, as he said it so appeared and did, he had a right to assume that the defendant even though going at the rate of thirty or thirty-five miles an hour, would recognize plaintiff's superior right to the intersection and control the car as a considerate driver would under the circumstances, i. e., apply the brakes and slacken his speed. If the plaintiff after reaching the square saw that the defendant had also reached the square and was in fact 'picking up speed' (as the former testified) his act in quickly swinging his car to the right was under the circumstances an act of prudence, and if defendant had showed equal prudence by turning his car to the left the collision would probably have been avoided." See, also, *Altomari v. Kruger,* 325 Pa. 235, 188 A. 828; *Lochhead v. Nierenberg,* 143 Pa. Superior Ct. 507, 18 A. 2d 472; *Gardner v. Kline,* 137 Pa. Superior Ct. 505, 9 A. 2d 487.

The cases cited by appellant have no application here. *Tomsel v. Green,* 150 Pa. Superior Ct. 547, 29 A. 2d 339, and *Stengel v. McMahon,* 116 Pa. Superior Ct.

349, 176 A. 857, involved drivers who tested obvious dangers in situations where it would have been apparent to any reasonably vigilant person that a collision was inevitable if they proceeded across the intersection in the face of the oncoming vehicles driven by the defendants. The plaintiff in *Hess v. Mumma,* 144 Pa. Superior Ct. 313, 19 A. 2d 524, approached the crossing at such speed that he was unable to avoid the collision which his eyes warned him in ample time to have stopped had he been in the exercise of common caution. Here, plaintiff had his car under control, and when he committed himself to the intersection there was no such manifest imminence of an accident as to adjudge him contributorily negligent as a matter of law after the jury has found in his favor.

On cross-examination plaintiff stated that since, immediately before the accident, he had gone from the curb line to the middle of 26 foot wide Locust Street, or 13 feet, at 10 miles an hour, and that since he had estimated defendant's speed at that time at between 30 and 35 miles an hour, he "guessed" defendant must have been only 39 to 50 feet from the intersection when plaintiff started across. This was in contradiction to his earlier testimony that defendant had been 110 to 120 feet away when plaintiff was at the curb line, and when asked to choose between the two versions of the occurrence he stated that the cross-examination was in error. As plaintiff did not have the burden of disproving his own contributory negligence, his conflicting statements were for the jury to reconcile. *Weismiller v. Farrell,* 153 Pa. Superior Ct. 366, 34 A. 2d 45.

Defendant's principal argument is along the lines suggested by the testimony just referred to. It is urged that plaintiff was contributorily negligent in either of two alternative ways: (1) If he travelled 13 feet at 10 miles an hour after he left the curb line, and defendant was proceeding at 30 to 35 miles an hour, plaintiff

should not have entered the crossing when defendant was only 39 to 50 feet away; or (2) if defendant covered 110 to 120 feet while plaintiff went 13 feet at 10 miles an hour, defendant must have been going at the rate of 85 miles an hour and plaintiff should not have crossed the path of the recklessly speeding vehicle. The vice of this contention is that it does not take into consideration the variable factors which necessarily affect the accuracy of a computation of this sort. No allowance is made for the length of that portion of plaintiff's car which had crossed the center point of Locust Street before the collision occurred; or for that fraction of the width of defendant's car which extended south of the center of Locust Street at the moment of the impact; or for the time and distance consumed by plaintiff's maneuver of swerving his car to the right to avoid the accident. As it was possible for the accident to have occurred in the manner related by plaintiff, the rule of incontrovertible physical facts cannot be invoked, for those facts are never established by oral testimony of the relative speeds and positions of moving objects. *Hostetler v. Knisely,* 322 Pa. 248, 185 A. 300; *Ross v. Reigelman,* 141 Pa. Superior Ct. 293, 14 A. 2d 591; *Scull v. Moross,* 111 Pa. Superior Ct. 581, 170 A. 366.

In support of his argument for a new trial because the verdict was against the weight of the evidence, defendant points to a signed statement given by plaintiff to a police officer an hour after the accident, in which plaintiff said that he had been travelling about 20 miles an hour across Locust Street and that he had not seen defendant's car until the two were about to collide. The officer to whom the statement was dictated testified that plaintiff was clear-headed at the time, but plaintiff said he had been dazed as a result of his injuries and the hospital treatment he had received for them. The signed statement was competent to impeach

plaintiff's credibility, as showing prior declarations inconsistent with his testimony at the trial, but it was for the jury to say which was the truth. *Hegarty v. Berger,* 304 Pa. 221, 155 A. 484; *Hughes v. D. & H. Canal Co.,* 176 Pa. 254, 35 A. 190; *Townsend v. Gemehl,* 62 Pa. Superior Ct. 110. After verdict it is peculiarly within the province of the trial judge, who heard and observed the witnesses, to determine whether the jury's conclusion was against the weight of the credible evidence, and his disposition of the matter will not be disturbed in the absence of a palpable abuse of discretion, an element absent from this record. *Nark v. Horton Motor Lines, Inc.,* 331 Pa. 550, 1 A. 2d 655; *Wilson v. Kallenbach,* 332 Pa. 253, 2 A. 2d 727; *Yago v. Pipicelli,* 343 Pa. 222, 22 A. 2d 699.

Judgment affirmed.