Cunningham, Appellant, *v.* Pennsylvania
Railroad Company.

Argued May 22, 1945. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused September 25,
1945.

*W. B. Anstine,* with him *Anstine & Shadle, Harold
S. Irwin* and *Markowitz, Liverant, Wogan & Ruch,* for
appellant.

*George Hay Kain,* with him *William H. Kain* and
*George Hay Kain, Jr.,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, June 29, 1945:

The only question raised by this appeal is whether the contributory negligence of plaintiff, who was injured in a railroad crossing accident, was established by incontrovertible physical facts, justifying the entry of judgment n. o. v. for defendant in the court below.

The accident occurred at the Chestnut Street crossing of the Pennsylvania Railroad in Mechanicsburg, Cumberland County, on the morning of January 25, 1940. Plaintiff was riding in the cab of a large tractor-trailer truck as the guest of the driver. At about 7.30 a. m., they approached the right-angle crossing from the south, on Chestnut Street. Both men were familiar with the crossing and its topography. The tracks were situate below the grade of Chestnut Street, which is a rough and uneven road. The distance across the rails, which consisted of two main tracks and a switch siding, was 18 feet 4½ inches. On either side of the roadbed from the crossing there was a rising embankment, overgrown with bushes and trees.

The tractor was halted at the crossing when its front bumper was 2 or 3 feet south of the southernmost rail. The occupants of the cab were, at this point, approximately 12 feet from the nearest rail. Both of them looked up and down the tracks, each assuring the other that it was "O. K.". The tractor then started forward, moving slowly because of the irregular surface of the tracks and the weight of the trailer, which was loaded with oil. Plaintiff continued to look to the east, on which side he was seated as they crossed, but testified that he saw no train approaching from that direction. They crossed the first, or eastbound track, their speed gradually increasing to about 2 or 3 miles per hour, then crossed the siding rail and the space between the tracks. Plaintiff testified that he last looked when he was at the second rail of the eastbound track. Thereafter, he remembers nothing. The front wheels of the tractor had crossed

the last or farthest rail of the north or westbound track when the rear of the cab was struck by a westbound passenger train. The driver of the tractor was killed and plaintiff was severely injured and burned in the resulting conflagration of the oil.

Plaintiff's witnesses testified that when the train was 600 feet east of the crossing its speed was 40 miles per hour, and that it had been reduced to 25 or 30 miles per hour at a distance of 250 feet.

Plaintiff testified that the view to the east from the crossing was limited to 90 or 100 feet from the place where the tractor stopped, and that it increased to no more than 175 feet at the last rail of the south or eastbound track. These distances were not measured by plaintiff. Defendant produced photographs and a measured plan prepared by a qualified draftsman purporting to reveal a clear view from the crossing of 806 to 749 feet to the east from points 25 and 12 feet respectively south of the south rail of the westbound track. From the points where plaintiff and the driver stopped and looked for approaching trains the view to the east was shown to be 350 feet. The weather at the time of the collision was clear.

There was a conflict of evidence as to the presence or absence of warnings at the crossing and as to whether the whistle of the train was blown. Plaintiff's testimony was simply that he did not see or hear the approaching train at any time until the tractor was struck. The jury found for plaintiff. From the entry of judgment n. o. v. this appeal was taken.

The basis for the entry of the judgment was the application of the doctrine of incontrovertible physical facts. The learned court below was persuaded that defendant's measured plan and photographs offered in evidence irrefutably established that plaintiff had a clear view of the track for many hundreds of feet and hence his testimony, and that of his witnesses, that plaintiff's view was obstructed and limited to a much lesser distance

must be rejected. The court decided, as a matter of law, that the plan and photographs, despite such testimony, convicted plaintiff of contributory negligence and barred recovery.

We are unable to agree with this conclusion. Our study of the plan and the photographs convinces us that they do not establish, with unequivocal exactness, the distance which plaintiff could have seen along the tracks toward the east. While the defendant's large five-foot plan of the right of way does not, upon casual observation, disclose a curve toward the east, nevertheless careful examination and measurement demonstrate that such curve commences at a point approximately 100 feet east from the center line of the plotted Mobile Gas Station, which latter point, according to defendant's draftsman, was 339 feet from the center of the Chestnut Street crossing where the collision occurred. Defendant's photographs definitely indicate the existence of such a decided curve. Furthermore, the photographs and the testimony establish that on the north and south banks of the depressed right of way there exist shrubbery and trees which might have obstructed plaintiff's length of vision even to the extent of wholly or partially concealing an approach of a train. It is apparent that the proof of the extent of plaintiff's vision was not fixed with exactness, but depended upon testimony and estimates, taken into consideration with the surrounding physical situation. For these reasons defendant, through the use of such plans and photographs, has not demonstrated a situation which is so fixed and unquestioned that we are required to disregard plaintiff's testimony.

It is a well-established principle of law that in an appeal from the entry of judgment n. o. v. the evidence must be read in the light most favorably supporting the verdict. The evidence of the plaintiff must be accepted as true and he must be given the benefit of every inference that can be properly drawn in support of the verdict, resolving in his favor all doubts on questions of fact, where directly arising out of the evidence or deducible

therefrom. There exists an abundance of cases on this point which need not be again cited.

It is not controverted that the plaintiff stopped, looked and listened at a proper place before entering upon the eastbound tracks. It was testified that he could see toward the east 90 to 100 feet; that the plaintiff continued to look and listen as he proceeded across and that when he arrived at the second rail of the first track he could then see 175 feet to the east and still neither saw nor heard a train. The testimony of the defendant's draftsman, upon the contrary, was that *from the plan* and from his observations on the ground the plaintiff had a clear view ranging from 749.5 feet to 806.5 feet. We referred above to our own study of the plan and are satisfied this conflict in the testimony was clearly a matter of fact for a jury and not a question of law for the court. In no sense has there been established an incontrovertible physical fact requiring judgment to be entered in favor of the defendant.

Furthermore, even assuming that the correct distances were those presented by the defendant, it would be necessary to work out an arithmetical calculation based on the *estimates* of plaintiff's witnesses as to the *speed of the train* and the speed of the truck. We have frequently decided that the doctrine of incontrovertible physical facts is inapplicable when dependent upon *estimates* of distances and the speed of moving objects. See: *Hegarty v. Berger,* 304 Pa. 221, 155 A. 484; *Hostetler v. Kniseley,* 322 Pa. 248, 185 A. 300; *Reiser v. Smith,* 332 Pa. 389, 2 A. 2d 753; *Mull v. Bothwell,* 338 Pa. 233, 12 A. 2d 561. See also: *Cranston v. Baltimore & O. R. Co.,* 109 F. 2d 630, 633 (C. C. A. 3); *Holland v. Kohn,* 155 Pa. Superior Ct. 95, 38 A. 2d 500; *Knies v. Kraftsow,* 156 Pa. Superior Ct. 296, 40 A. 2d 122.

The judgment is reversed, and the record is remitted to the court below for the purpose of passing upon defendant's motion for a new trial and reasons assigned therefor, and for such judgment, not inconsistent with this opinion, as the court below may deem proper.