Rochelle et al., Appellants, *v.* Fabii et al.

432

Argued October 1, 1947. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Fine, JJ.

*Michael A. Foley,* for appellants.

*Herbert A. Barton,* with him *Swartz, Campbell & Henry,* for appellees.

Opinion by Dithrich, J., November 12, 1947:

In this trespass action plaintiffs have taken three separate appeals from the refusal of the court below to take off a judgment of compulsory nonsuit entered on the sole ground of the contributory negligence of Paul R. Rochelle in the operation of an automobile owned by his mother, Sara Rochelle, and in which his mother and his father were passengers.

On October 21, 1945, at or about 7:30 p.m., they were on their way to visit the father's mother who resided on the Bristol Pike in Andalusia, Bucks County. The Pike is a concrete highway, improved to a width of eighteen feet, with four-foot shoulders on either side of the two nine-foot lanes of hard surface. It runs north and south, and plaintiffs' automobile was proceeding in a northerly direction. After it had reached its destination on the Pike and was being driven into the private driveway to the grandmother's residence, it was

struck on the right rear by an automobile owned and operated by defendant.

According to plaintiffs' testimony, defendant's automobile was 300 feet away, traveling south in the westerly lane of traffic when it was first observed; it was 150 to 200 feet away when the driver of plaintiffs' automobile started to make a left turn off the Pike and plaintiffs' automobile had proceeded to a point where the rear of it was two feet off the improved portion of the road and on the shoulder when it was struck; and that the impact of the collision had forced it back onto the improved portion of the road. Their testimony was that "Both cars swung around to the east side of the Bristol Pike, back onto the concrete."

The learned court below appears to have given undue weight and emphasis to the position of the cars after the collision. In granting the motion for a nonsuit it said: ". . . it was physically impossible, as I view it, as a physical matter it was impossible for those cars to have been in that position. Had this car, coasting down the road, struck the car of the Rochelles at the place where they said it was, it must have been on the road."

The rule that the doctrine of incontrovertible physical facts cannot be invoked in passing on oral testimony as to the relative speed and position of moving objects has become so firmly established as to no longer require the citation of authority. In holding that plaintiffs' car must have been on the hard surface of the road when struck, the learned court failed to give due consideration to plaintiffs' positive testimony that it was completely off the concrete when struck and was forced back onto the concrete by the impact of the collision.

As it was entirely possible for the collision to have occurred in the manner related by plaintiffs, the case should have been submitted to the jury. It was error to rule as a matter of law that plaintiffs' driver was negligent in attempting to cross half the width of the highway, or nine feet, in the path of defendant's approach-

434

ing automobile when it was 150 to 200, or even only 150, feet away. Cf. *Knies v. Kraftsow,* 156 Pa. Superior Ct. 296, 40 A. 2d 122; *Kaplan et al. v. Brooks,* 154 Pa. Superior Ct. 40, 35 A. 2d 89.

"A nonsuit will be entered only in a clear case. It is the province of a jury to resolve any doubt regarding inferences to be drawn from oral evidence: Kimbel v. Wilson, 352 Pa. 275, 277, 42 A. 2d 526. All doubts must be resolved in favor of a trial: Malone v. Marano, 326 Pa. 316, 318, 192 A. 254. The party seeking a compulsory nonsuit admits every fact which a jury might infer from the evidence: Stinson v. Smith, 329 Pa. 177, 181, 196 A. 843": *Kallman v. Triangle Hotel Co.,* 357 Pa. 39, 42, 52 A. 2d 900.

The assignment of error is sustained, the judgment is reversed and a new trial awarded.