Noyes et al. *v.* Sternfeld, Appellant.

462

Argued March 7, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Frank M. Walsh* for appellant.

*Raymond Bialkowski,* with him *Maurice V. Cummings,* for appellees.

OPINION BY RHODES, P. J., April 12, 1949:

This action in trespass against defendant was brought by the father as guardian of his minor child and for himself for damages sustained by them as the result of an automobile accident which occurred at the intersection of Mulberry Street and Harrison Avenue in the City of Scranton. Defendant appeals from the discharge of his rule for judgment n. o. v.

In considering the motion for judgment n. o. v. the evidence in the case, as a whole, is to be viewed in the light most favorable to plaintiffs, any conflict in the testimony being resolved in their favor and the benefit of every inference of fact, reasonably deducible from the evidence, being accorded them. (*Phillips v. Philadelphia Transportation Company,* 358 Pa. 265, 266, 56 A. 2d 225); or, as otherwise stated, plaintiffs are entitled to have the oral testimony supporting the verdict considered and all the rest rejected (*Sorrentino v. Graziano,* 341 Pa. 113, 114, 17 A. 2d 373).

The jury could have found the facts to be as hereafter stated.

Minor plaintiff was the owner of an automobile which he was driving on the day in question with a friend, Duff McCutcheon, sitting beside him in the front seat. Defendant was driving a truck which he used in connection with his business. Harrison Avenue runs north and south and Mulberry Street runs east and west, the two intersecting at right angles. The accident occurred on the morning of October 18, 1944, about 8:20 at this intersection. Defendant was driving his truck eastwardly along Mulberry Street up an ascending grade towards Harrison Avenue. Minor plaintiff, accompanied

by his friend, was driving his automobile northwardly. along Harrison Avenue. There is no grade on Harrison Avenue where it crosses Mulberry Street. Mulberry Street east of Harrison Avenue is again on an ascending grade. The atmosphere was hazy and visibility was limited to about 150 feet. There was a stop sign on Harrison Avenue ten to twelve feet south from the intersection with Mulberry Street. Minor plaintiff stopped his car with the front one or two feet behind the sign. He looked to his left down Mulberry Street along which he could see a distance of about 150 feet. He also looked to his right and saw no traffic approaching in either direction. He entered the intersection in low gear at a speed of five or ten miles per hour. Minor plaintiff's automobile was seven or eight feet to the right of the center line of Harrison Avenue. There was a single trolley track in the center of Mulberry Street which is thirty-four feet wide. Harrison Avenue has the same width. When minor plaintiff's automobile was beyond the south trolley rail on Mulberry Street and entering the westbound traffic lane of that street, he looked to the right to ascertain whether any traffic was coming from that direction. No traffic was coming from the east on Mulberry Street. When he was "almost across" the intersection, minor plaintiff saw defendant's truck approaching at a high rate of speed (fifty to sixty miles per hour) on the left-hand side of Mulberry Street in the westbound traffic lane. Minor plaintiff swerved his car to the right, but defendant's truck struck his automobile on the left front side. Minor plaintiff's car was thrown east on Mulberry Street approximately fifteen feet and defendant's truck overturned on its left side at the northeast corner of the intersection. While minor plaintiff had traveled between the stop sign and the westbound traffic lane of Mulberry Street, a distance of about thirty feet, defendant must have traveled at least 150 feet up Mulberry Street.

Defendant contends (1) that he is entitled to judgment n. o. v. because there was no negligence on his part; and (2) that minor plaintiff was guilty of contributory negligence, as a matter of law.

Defendant's negligence was clearly for the jury. Although defendant was proceeding east on Mulberry Street, a through highway, there was evidence that he was driving at a high rate of speed, and that he was driving on the wrong side of that street in the westbound traffic lane. The jury could also infer negligence upon the part of defendant in such circumstances from the fact that his truck was driven into the left front side of minor plaintiff's automobile, and from the location of the vehicles after the collision. "Negligence may be inferred from the circumstances attending an accident": *Turek v. Pennsylvania Railroad Co.*, 361 Pa. 512, 518, 64 A. 2d 779, 782. The distance an automobile travels after a collision is an important factor bearing on the matter of its speed as well as on the matter of its control. *Scholl v. Philadelphia Suburban Transportation Co.*, 356 Pa. 217, 222, 51 A. 2d 732. It was defendant's duty to have his truck under such control as to be able to give minor plaintiff's automobile in the westbound traffic lane of the intersection an opportunity to continue in safety. *Kline v. Kachmar*, 360 Pa. 396, 399, 61 A. 2d 825.

We are also of the opinion that the question of contributory negligence on the part of minor plaintiff was for the jury. The burden of proof was on defendant (*Grimes v. Yellow Cab Co.*, 344 Pa. 298, 25 A. 2d 294); and the jury found against him. Minor plaintiff came to a full stop before entering the intersection of Mulberry Street. Section 1016 of the Act of May 1, 1929, P. L. 905, as amended, 75 PS § 591. He was also under the duty of yielding the right of way to all vehicles approaching in either direction on such through highway, unless so far in advance that in the exercise of reasonable care and

prudence he was justified in believing he could cross ahead of an approaching vehicle without danger of collision. *Mellott v. Tuckey,* 350 Pa. 74, 77, 38 A. 2d 40; section 1014 of the Act of May 1, 1929, P. L. 905, as amended, 75 PS § 573. Minor plaintiff, after observing traffic conditions, proceeded north into the intersection and safely crossed the eastbound traffic lane of Mulberry Street. While it may have been minor plaintiff's duty when he moved forward and entered the intersection to continue to look as he advanced into the intersection, any failure to continue to look to the left cannot be held to constitute contributory negligence as a matter of law where it is not clear that the failure to so look was a contributing cause, or a cause at all, of the collision. *Grimes v. Yellow Cab Co.,* supra, 344 Pa. 298, 25 A. 2d 294.

"Contributory negligence is defined in 45 C. J. 942, section 501, as 'conduct for which plaintiff is responsible, amounting to a breach of the duty which the law imposes upon persons to protect themselves from injury, and which, concurring and coöperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause' ": *Seaboard Container Corp. v. Rothschild,* 359 Pa. 51, 58, 58 A. 2d 800, 803.

In *Mogren v. Gadonas,* 358 Pa. 507, 510, 58 A. 2d 150, 151, our Supreme Court said: "For a court to be justified in declaring a person contributorily negligent as a matter of law, evidence of such negligence must be so clear and unmistakable that no reasonable basis remains for an inference to the contrary." In view of the jury's verdict we are obliged to accept the testimony that minor plaintiff was in the westbound traffic lane of Mulberry Street when struck by defendant's truck; and that before entering that portion of the street he again looked to his right. In that position minor plaintiff was not bound to anticipate the presence of defendant's truck

coming east in the westbound traffic lane. In *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172, 173, we said: "We have pointed out a number of times that it is the duty of the driver of a vehicle approaching a two-way street to look first to his left and then to his right. That is because he first enters the lane in which traffic coming from his left is traveling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he nears the middle of the street, it is his duty to look to his right again before entering into the traffic lane coming from that direction: . . . He has a right to expect that persons using the street will use the traffic lane or lanes proper for their direction of travel. . . . After he has entered the west-bound traffic lane or lanes, he is under no compelling duty to look for east-bound vehicles coming from his left and traveling on the wrong side of the street. . . . The glance or look must necessarily be cursory and he should not be expected to look out for, or be on his guard against, one violating the law by coming from a direction intended only for those going toward that direction."

With defendant driving his truck on the wrong side of Mulberry Street and with minor plaintiff at the point which he had reached in the intersection and necessarily concerned with traffic from the other direction, we cannot say that minor plaintiff was guilty of contributory negligence as a matter of law in not seeing defendant's truck sooner, and avoiding the collision. *Hurd v. Dietz,* 317 Pa. 525, 528, 177 A. 23.

Judgments are affirmed.