## Zeigler *v.* Gullong, Appellant.

638

Argued March 20, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*William B. Arnold,* for appellants.

*Charles W. Eaby,* for appellee.

OPINION BY ROSS, J., July 19, 1951:

This is a trespass action arising out of a motor vehicle collision between an automobile owned and operated by the plaintiff and a truck owned by the corporate defendant, Nu-Car Carriers, Inc., and driven by the individual defendant, Gullong. After a jury verdict in favor of the plaintiff and the defendants' motions for new trial and judgment n.o.v. were refused, this appeal was taken. The only motion before us is the one for judgment n.o.v., and the only question involved is whether the plaintiff was guilty of contributory negligence as a matter of law.

It is only in a clear case where the evidence is such that reasonable minded men can unite in the conclusion that a victim of an accident was negligent that a court is justified in declaring him negligent as a matter of law. *McCracken v. Curwensville Borough,* 309 Pa. 98, 163 A. 217, 86 A. L. R. 1379; *Stewart v. Pittsburgh,* 157 Pa. Superior Ct. 347, 43 A. 2d 393; *Cox v. Scarazzo,* 353 Pa. 15, 44 A. 2d 294. The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury. *Chidester v. City of Pittsburgh,* 354 Pa. 417, 47 A. 2d 130; *Mogren v. Gadonas,* 358 Pa. 507, 58 A. 2d 150.

In considering the motion for judgment n.o.v., the evidence in the case, as a whole, is to be viewed in the light most favorable to the plaintiff, any conflict in the testimony being resolved in his favor and the bene-

fit of every inference of fact, reasonably deducible from the evidence, being accorded him, and he is entitled to have the oral testimony supporting the verdict considered and all the rest rejected. *Noyes v. Sternfeld,* 164 Pa. Superior Ct. 461, 463, 65 A. 2d 433. So considered, the relevant facts are as follows:

This right-angle collision occurred in Lancaster County at the point where the Harrisburg Pike is intersected by the East Petersburg Road. The Harrisburg Pike is a through dual highway running east and west and consisting of four concrete traffic lanes each eleven feet in width, the eastbound being separated from the westbound lanes by an island or divider four feet in width. The East Petersburg Road is a subordinate highway running north and south. The day on which the accident occurred was cloudy, but the roads were dry.

At approximately 9:40 a.m. on November 12, 1949, the plaintiff was proceeding north on East Petersburg Road and brought his car to a stop in obedience to a "Stop—Thru Traffic" sign at the south side of the Harrisburg Pike. He intended to cross the pike and continue north on the East Petersburg Road. After waiting for a car to pass him on the eastbound lanes, he looked to his right (east), observed the defendant's truck approaching from the east at 50 miles per hour "a good quarter of a mile" from the intersection and started across the pike in second gear at a speed of ten miles an hour. After crossing the eastbound lanes, the plaintiff brought his car to a stop "right at" the island or division strip and again looked to the right. At this time the plaintiff saw the defendant's truck 350 feet from the intersection. Thinking that he could clear the intersection before the truck arrived, he crossed the westbound lanes. Defendant's truck struck the plaintiff's car at the hub cap of the right rear wheel, the point of impact being *14* feet beyond the *north* lane

of the Harrisburg Pike and at the moment of impact the *rear end* of plaintiff's car was 10 feet *north* of the traveled concrete portion of the pike.

The duty of a driver of an automobile in the position of the present plaintiff has been well and often defined. In *Dandridge v. Exhibitors Service Co.*, 167 Pa. Superior Ct. 143, at pages 146-147, Judge DITHRICH, speaking for this Court, stated: " 'We have pointed out a number of times that it is the duty of the driver of a vehicle approaching a two-way street to look *first* to his *left* and then to his *right*. That is because he first enters the lane in which traffic coming from his *left* is traveling. If he sees nothing approaching that would be likely to prove a source of danger to him, he may proceed, but as he *nears the middle of the street*, it is his duty to look to his *right* again before entering into the traffic lane coming from that direction: [citing cases]': Freedman v. Ziccardi, 151 Pa. Superior Ct. 159, 162, 30 A. 2d 172. In Grande v. Wooleyhan Transport Co., 353 Pa. 535, 46 A. 2d 241, the Supreme Court said (page 539), after quoting the above from Freedman v. Ziccardi, supra: 'If another car is approaching in the right lane, the driver should stop unless in the exercise of care and prudence he is reasonably justified in believing he can cross ahead of it without danger of collision: Toyer v. Hilleman, 320 Pa. 417, 183 A. 53; Affelgren v. Kinka, 351 Pa. 99, 40 A. 2d 418.' "

We have examined the cases cited by the appellants, but a reading of them will disclose that they are factually distinguishable from the present case, and, therefore, not controlling.[1] Here the present plaintiff looked

---

[1] Inter alia: *Schneider v. American Stores Co.*, 100 Pa. Superior Ct. 339; *Alperdt v. Paige*, 292 Pa. 1, 140 A. 555; *Mellott v. Tuckey*, 350 Pa. 74, 38 A. 2d 40; *Dougherty v. Merchants Baking Co.*, 313 Pa. 557, 169 A. 753.

to his left for westbound traffic as he started to cross the Harrisburg Pike, looked to the right before entering the eastbound lanes, then proceeded in the belief that he could clear the intersection without danger of collision. Whether he was "reasonably justified" in believing that he could cross the intersection without danger of being struck by the truck was for the jury, particularly in view of the fact that driving slowly he had entirely crossed the intersection and was *10 feet beyond it* when his automobile was struck. Cf. *Maiden v. Phila. Transp. Co.,* 163 Pa. Superior Ct. 189, 60 A. 2d 409, in which, at page 193, we approved the statement of the trial court that "the fact that the trolley car was struck in the rear . . . indicates to our mind that there is no fault to be found with the motorman's judgment in proceeding across Girard Avenue."

In our opinion, this case is ruled by *Rochelle v. Fabii,* 161 Pa. Superior Ct. 431, 55 A. 2d 580, in which it was held error to rule as a *matter of law* that a driver "was negligent in attempting to cross half the width of the highway, or nine feet, in the path of defendant's approaching automobile when it was 150 to 200, or even only 150, feet away. Cf. Knies v. Kraftsow, 156 Pa. Superior Ct. 296, 40 A. 2d 122; Kaplan et al. v. Brooks, 154 Pa. Superior Ct. 40, 35 A. 2d 89."

Judgment affirmed.