## Williams *v.* Stern et al., Appellants.

Argued October 25, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Paul H. Ferguson*, with him *G. Mason Owlett*, for appellants.

*John Francis Williams*, for appellee.

OPINION BY BALDRIGE, J., December 13, 1944:

The plaintiff brought this suit to recover for personal injuries and property damage resulting from a collision of his automobile and defendants' truck at the intersection of Berks and 16th Streets, Philadelphia. He recovered a verdict, hence this appeal.

The only question before us is: Should the court below have held as a matter of law that plaintiff was guilty of contributory negligence? Our answer is in the negative.

Plaintiff was driving east on Berks Street about 3 o'clock on the morning of April 5, 1943. When he reached the west side of 16th Street he stopped in obedience to a stop sign. As he saw no vehicles approaching he started slowly across the intersection. He had not reached the middle of 16th Street, which he fixed at about 30 feet wide, (at the argument it was stated to be 26 feet) when he saw defendants' truck, without lights, approaching to his right on 16th Street. He quickly turned toward the north, the direction the truck was going, in an unsuccessful endeavor to avoid a collision. His car was hit on the

right side with such force that it turned around, ran across the pavement at the northwest corner of the intersection and went through a "steel rod" fence. The plaintiff testified as follows: "Q. And you made your next observation when the truck was right on you. Is that right? A. After looking—before starting, I looked and I also looked after starting. Q. And at that time the truck was on top of you. Is that correct. A. When I saw the truck it was right upon me. By the Court. Q. That is not the question. (The stenographer read the pending question.) A. That is right. At the time that I got middle way of the street."

The appellants contend that the appellee's testimony convicts him of being guilty of contributory negligence in that it shows that he did not discharge his full duty in taking but one look; that in accordance with the well recognized rule recently restated in *Mellott v. Tuckey,* 350 Pa. 74, 77, 38 A. 2d 40, he was required to continue looking as he advanced across the intersection. While the plaintiff's testimony is not as clear and consistent as desirable, he did say that he looked before, and after, starting to cross. It was the duty of the jury, not the trial judge, to reconcile any contradictory or inconsistent statements made by the plaintiff: *Korenkiewicz v. York Motor Express Company, Inc.,* 138 Pa. Superior Ct. 210, 10 A. 2d 864; *Ingram v. Pittsburgh,* 350 Pa. 344, 39 A. 2d 49. It is apparent that the plaintiff proceeded but a short distance after entering the intersection when he saw the defendants' truck and attempted to turn in the direction it was going, so that it can be reasonably inferred that he did not go heedlessly forward without taking precaution to look.

The truck driver, in a signed statement taken by a police officer, said that he was proceeding northward, his truck straddling the west rail of the tracks on 16th Street. The learned court below aptly said: "It is obvious that, in order to make that turn, plaintiff must

have started to turn when his front wheels were less than half way out in the space between the west curb of 16th Street and the west rail of the car tracks. That would mean he started to turn when only a few feet out into 16th Street and he must have looked and have seen the truck at least a fraction of a second before that in order for his mind or his reflexes to put the turning process into effect." It was the duty of the plaintiff to keep looking, but where? That depends somewhat on the circumstances. He was not necessarily required every instant to look to the right. One at intersections must be alert to vehicles in the path he is pursuing, as well as to his left and right. If he fails to do so he is negligent: *Lewis v. Hermann,* 112 Pa. Superior Ct. 338, 341, 171 A. 109; *Lochhead v. Nierenberg,* 143 Pa. Superior Ct. 507, 18 A. 2d 472; *Barton v. Franklin,* 309 Pa. 243, 163 A. 521. It is only in those cases where contributory negligence is so clearly shown that fair and reasonable individuals cannot disagree as to its existence, that it may be declared by the trial judge: *Pessolano et ux. v. Philadelphia Transportation Co.,* 349 Pa. 73, 36, A. 2d 497; *Naugle v. Reading Company,* 145 Pa. Superior Ct. 341, 21 A. 2d 109. In the case at bar no evidence was offered of the lighting conditions at the intersection, other than the truck driver said he did not see the plaintiff's car until the collision "because it is not very well lighted there."

In *Mellott v. Tuckey,* supra, cited by the appellants, the plaintiff saw the defendant's motor vehicle coming at a high rate of speed 365 feet away. Notwithstanding he was put on notice of impending danger he proceeded without looking to his right again because he thought his first observation was sufficient. In *Shapiro et ux. v. Grabosky,* 320 Pa. 556, 184 A. 83, the plaintiff did not look after he had passed the house line. "After I looked the first time and blew my horn, I did not look

again. I did not think it was necessary." Those cases and the others that were cited by the appellants are not similar in their facts and do not control this case.

The jury having found a verdict for the plaintiff after receiving proper instructions from the court, to which no objections were raised in this appeal, we are not warranted in interfering with the finding.

Judgment is affirmed.