**FORESMAN et al. v. PEPIN et al.**

**Civ. No. 4687.**

District Court, E. D. Pennsylvania,
Sept. 6, 1946.

Charles M. Bolich, of Allentown, Pa., for plaintiffs.

Frank R. Ambler and Henry S. Ambler, both of Philadelphia, Pa., for defendants.

GANEY, District Judge.

This action was brought by Clarence W. Foresman and his wife, Josephine, to recover damages (1) for personal injuries suffered by the wife, (2) for the loss of companionship and services of the wife by the husband, and (3) for damage to the husband's automobile as the result of a right angle collision between the husband's automobile and defendants' truck which is alleged to have occurred because of defendants' negligence. This court has jurisdiction by virtue of the diversity of the citizenship of the parties. Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

A trial was had before a jury. At the conclusion of the complainants' case, the

defendants offered no evidence but moved to dismiss and for a non-suit. These motions were denied. The jury returned verdicts in favor of the complainants, awarding the wife $7,500, and the husband $2,500. The defendants filed a motion for judgment non obstante veredicto, and also a motion for a new trial. The usual reasons were given as a basis for the motions. Although defendants' motions are more in conformity with the practice in the Pennsylvania State Courts than with that of the Federal courts, we shall treat the motions as though they were filed in accordance with rule 50 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Valanda v. Baum & Reissman, D.C., M.D.Pa., 31 F.Supp. 71.

In passing upon a motion to set aside the verdict for the complainant and to enter judgment for the defendant, the evidence, including all reasonable inferences to be drawn therefrom, must be taken in the light most favorable to the party in whose favor the verdict has been returned and all conflicts must be resolved in his favor. Hornin v. Montgomery Ward & Co., 3 Cir., 120 F.2d 500; Hawkins v. Sims, 4 Cir., 137 F.2d 66; Roth v. Swanson, 8 Cir., 145 F.2d 262.

Viewing the evidence in the above light, it appears that the following facts were shown to have existed: In Allentown, Pennsylvania, Nineteenth Street, a north and south highway, intersects Tilghman Street, a two-way highway running east and west, at right angles. At this intersection, traffic is controlled by a traffic light. At about 5 o'clock in the afternoon of February 2, 1945, when the streets in question were clear and dry, Mrs. Josephine Foresman was driving her husband's Dodge Sedan southwardly on the right hand side of Nineteenth Street. As she approached the intersection of Nineteenth and Tilghman Streets, the traffic light was green for traffic going on Nineteenth Street. She looked to her right, in which direction she had a clear view of Tilghman Street for approximately a quarter of a block and saw no traffic (the reason for the limited view of a quarter of a block was because at about that distance Tilghman Street slopes downward from the

level of Nineteenth Street). She looked to her left and noticed that the traffic going in a westwardly direction on Tilghman Street was at a standstill. While the light was still green in her favor, she committed herself to the intersection and at the point when she crossed the middle of the intersection, that is when the front wheels of the sedan had reached the curb line of the south side of Tilghman Street and the back wheels were just past the center of Tilghman Street, defendants' truck, traveling at a rate of between 25 and 40 miles an hour in an eastwardly direction on Tilghman Street, with the traffic light against it, struck the middle of the right side of complainants' car, turning it completely around so that it faced north and occupied the left-hand side of Nineteenth Street. As a result of the collision, Mrs. Josephine Foresman was rendered unconscious and was seriously injured.

The defendants do not seriously contend that the driver of the truck was not negligent. Their main contention is that the facts as brought out by complainants' testimony show that the manner in which complainant-driver committed herself to the intersection contributed so clearly to the accident that this court should have instructed the jury that she had been guilty of contributory negligence as a matter of law.

A review of the record shows that the question of contributory negligence was properly left to the jury and that this court could not decide the question as a matter of law. We concede that a green light does not give a user of the highway an absolute right to cross an intersection and to proceed solely in reliance thereof. The rule still obtains, to use due care under the circumstances. Byrne v. Schultz, 306 Pa. 427, 160 A. 125. In determining whether due care was exercised by the complainant-driver, the fact that she committed herself to the intersection with the traffic light in her favor is a factor which, although not controlling, must be taken into consideration. As was said by Justice Jones of the Supreme Court of Pennsylvania in Zurcher v. Pittsburgh Rys. Co., 353 Pa. 212, 44 A.2d 581, a case similar to

the one before us, at pages 215 and 583 respectively: "The facts, as concluded by the jury's verdict, show that the plaintiff, having the authorized 'go' signal in his favor, approached and entered upon the crossing in a careful manner. No person or other vehicle was in the way of his indicated travel. Traffic at the intersection being regulated by positive signals municipally established and maintained, the plaintiff had a right to assume that traffic on the cross street would obey the red light (there showing) and come to a stop before entering the intersection". In the instant case, complainant-driver, prior to committing herself to the intersection looked to her right and saw no traffic approaching; she looked to her left and noticed that traffic was at a standstill. Observing that the traffic light was still green in her favor, she committed herself to the intersection. Under these circumstances this court could not say that the complainant-driver did not look to her right or she would have seen the approach of defendants' truck or that she should have continued to look to her right and if she would have done so she could have avoided being struck by defendants' truck. As we have indicated, the question of her contributory negligence was for the jury to decide. Rhinehart v. Jordan, 313 Pa. 197, 169 A. 151; Cunningham v. Pennsylvania R. Co., 352 Pa. 571, 43 A.2d 825; Cunningham v. Spangler, 123 Pa.Super. 151, 186 A. 173; Sommer v. Blacka, 153 Pa.Super. 643, 34 A.2d 830; Williams v. Stern, 156 Pa.Super. 250, 40 A.2d 101; Sullivan v. Philadelphia Suburban Transit Co., D.C.E.D.Pa., 64 F.Supp. 845, affirmed per curiam, 3 Cir., 154 F.2d 111.

 Defendants place great reliance on Newman v. Reinish, 106 Pa.Super. 351, 163 A. 58, Von Cannon v. Phila. Transportation Co., 148 Pa.Super. 330, 25 A.2d 584 and the incontrovertable physical fact doctrine. The cases cited do not control this case. In the Newman case there was no traffic signal involved; and in the Von Cannon case, although a traffic signal was involved, the plaintiff placed blind reliance on the signal. In addition to the fact that the incontrovertable physical fact doctrine is inapplicable to this case (Cunningham v. Pennsylvania R. Co., supra; Miller v. Measmer, 353 Pa. 18, 44 A.2d 284;) it has not been established as an incontrovertable physical fact that when the complainant-driver looked to her right, the defendants' truck was in plain view. See Cranston v. Baltimore & Ohio R. Co., 3 Cir,. 109 F.2d 630, 632.

Upon a reading of the record in this case, we are not convinced that the jury's verdicts were against the evidence or the weight of the evidence; or that there has been any error which was prejudicial to the defendants and which thereby affected their substantial rights.

 As to the defendants' contention that the verdicts were excessive we cannot agree. A court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. In the absence of any showing that the jury was biased or acted capriciously or unreasonably, it will not interfere with the verdict. Zarek v. Fredericks, 3 Cir., 138 F.2d 689, 691; Lopoczyk v. Chester A. Poling, Inc., D.C.S.D.N.Y., 60 F.Supp. 839.

Accordingly, the motion to set aside the verdicts for the complainants and to enter judgment for the defendants and the motion for a new trial are denied.