**KELLER v. PENNSYLVANIA R. CO.**

Civ. A. No. 8327.

United States District Court
W. D. Pennsylvania.

Sept. 24, 1951.

Harrison & Libson, Pittsburgh, Pa., for plaintiff.

Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This proceeding is a claim for damages under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

The case was administered by jury trial. The verdict found the defendant to be partially negligent and damages were awarded plaintiff in the amount of $2,500.

The immediate matter before the Court relates to motion to set aside the verdict and award a new trial on the grounds of inadequacy of the verdict.

Plaintiff was employed by the defendant as a boiler-maker's helper. On or about June 3, 1949 he was engaged in opening boiler plugs in an engine together with two fellow employees. Plaintiff was holding a four foot steel bar in position in a socket wrench when the wrench slipped out of position, throwing a severe strain on the bar plaintiff was holding, forcing him down to his knees.

As to the nature and extent of injuries suffered by plaintiff a strong conflict in testimony existed between the parties. Plaintiff offered medical proof to establish that he sustained a condition of severe lumbar

muscle spasm and lumbar limitation directly attributable to the accident. On the other hand, defendant presented medical proof to establish that plaintiff suffered an old deforming arthritis with partial destruction of several vertebrae involving both the dorsal and lateral spine; that plaintiff had arthritis in almost every vertebrae; that the condition of tenderness and difficulty in bending which plaintiff sustained as a consequence of the accident had completely cleared up some five months thereafter when he had returned to work, and that his present condition is completely due to arthritis and in no way related to the accident.

Upon the happening of the accident, plaintiff had not returned to his employment for five months, and sustained a loss of wages of $1,687.06. He returned to a job of firing engines and cleaning Diesels. During this period, he claims a loss of 20 days employment when he had foregone work allegedly due to pain in his back, constituting an additional loss of wages approximating $225.

■ The verdict of the jury should be set aside only if so grossly unreasonable as to shock the conscience of the court, or if it clearly manifests that the verdict was a result of mistake, caprice, prejudice, or other improper motive, and not merely because the judge, had he tried the case without a jury, would have made a different award. Foresman v. Pepin, D.C., 71 F. Supp. 772, affirmed 3 Cir., 161 F.2d 872.

■■ In view of the conflict of medical testimony and the limitation of special damages to a figure at most not exceeding $1,912.06, a jury award of $2,500.00 does not appear below the bounds of a reasonable verdict. Especially is this true in light of the jury verdict which found the defendant only partially negligent. In applying the doctrine of comparative negligence, the jury was free to apportion the award in accordance to the amount of negligence shared by both plaintiff and defendant.

■ I do not believe that the verdict rendered was against the weight of the evidence. It is my duty to recognize that a Court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant, Administratrix v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F.2d 793.

Plaintiff further contends that this court erred in instructing the jury on contributory negligence when there was no evidentiary basis to support any conclusion of contributory negligence.

■ Under the Federal Employers' Liability Act the doctrine of comparative negligence obtains. Contributory negligence is not a bar to recovery but it can be invoked for the purpose of mitigating damages.

The Court placed special emphasis upon the fact that the applicability of the rule relating to contributory negligence was solely for the determination of the jury, and that contributory negligence, if it existed, did not bar the right of the plaintiff to recover. That it should be considered, if at all, only by way of diminution of damages in proportion to the amount of negligence which would be found attributable to the employee.

■ I believe that the contributory negligence of the plaintiff was a matter which was proper for the consideration of the jury, and it was, therefore, obligatory for the Court to charge.

■ Furthermore in a motion for new trial, I must assume that the jury has followed the instructions of the Court. Boice v. Bradley, D.C., 92 F.Supp. 750, 751.

The complaint of the plaintiff as to the charge of the Court on contributory negligence is without merit. See Pierro v. Carnegie-Illinois Steel Corp., 3 Cir., 186 F. 2d 75.

Motion for new trial is refused and an appropriate order will be filed.