**Frank J. CONSTENTINE, Plaintiff,**

v.

**ALIQUIPPA & SOUTHERN RAILROAD
COMPANY, a corporation,
Defendant.**

**Civ. A. No. 11638.**

United States District Court
W. D. Pennsylvania.

Aug. 29, 1956.

James P. McArdle, Pittsburgh, Pa., for plaintiff.

Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a trackman for Aliquippa and Southern Railroad Company. 45 U.S.C.A. § 51 et seq.

Upon jury trial verdict was returned in favor of plaintiff in the amount of $55,000.[1]

---

1. In answer to specific interrogatories, the jury concluded as follows:

"Was the defendant, Aliquippa and Southern Railroad Company, a corporation, guilty of negligence which was a proximate cause or a substantial contributing cause of the accident in whole or in part?

"Answer: Yes  x  No ___

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence

The matter before the court relates to defendant's motion for new trial in which it is contended:

(1) The verdict is against the weight of the evidence.

(2) The verdict is arbitrary and capricious.

(3) The verdict is excessive.

The facts of the accident on which this case is based are relatively simple.

On April 19, 1952, plaintiff and seven other laborers comprised a track gang which was assigned to work on the No. 31 track of the defendant Company. The plaintiff and five other members of his crew were directed by their foreman to move a thirty-three foot rail, weighing approximately 1,232 pounds, located in the six-foot between No. 31 track and an adjoining track. Between the rail and No. 31 track was located a pile of earth which had been excavated from the portion of No. 31 track being repaired.

In order to lift such a rail, it is customary to use rail tongs resembling an ice-pick with long handles. Three men positioned themselves on each side of the front end of the rail, plaintiff being the third man from the front end of the rail on his side. As the men moved the rail, the plaintiff was required, while lifting, to walk over the pile of dirt between the track and No. 31 track. The dirt gave way and he fell backwards in a twisting motion.

The evidence adduced that normally a crane is provided to a crew performing heavy work in the nature of moving a track, or that when such rail is moved by hand, ten to twelve men are utilized.

Liability was premised upon defendant's failure to provide an adequate number of employees to do the work to which plaintiff was assigned, constituting a failure upon defendant's part to provide plaintiff with a safe place to work.

Defendant advances the proposition that the cause of the accident was not the lack of manpower but the giving way of loose dirt. That the presence of this dirt at the point where the rail was being moved was not asserted by the plaintiff as an act of negligence, and that the verdict in favor of the plaintiff has no basis in law or in the evidence since the asserted basis of liability was not the reason ascribed by the plaintiff at the trial for the accident.

It is undisputed that the rail which plaintiff and five other employees were directed to move weighed slightly over 1,200 pounds, necessarily requiring each man to lift a weight of at least 200 pounds. Ample testimony was introduced from which the jury could conclude ten to twelve men were customarily required to lift such a rail.

The evidence produced further established that the pile of earth over which the plaintiff and his fellow employees had to pass was approximately two to three feet high. While it was not contended that the mere existence of this pile of earth was negligence on the part of the defendant, it was amply demonstrated that this pile of earth was a circumstance of negligence which was inextricably interwoven with the failure to provide sufficient employees to do the work involved. That the pile of dirt

of the defendant, Aliquippa and Southern Railroad Company, a corporation, which was a proximate cause of the accident in whole or in part?

"Answer: 100 %

"Was the plaintiff, Frank J. Constentine, guilty of negligence which was a contributing cause of the accident in whole or in part?

"Answer: Yes ___ No x

"Should the answer to the above question be in the affirmative, state the extent or the amount of the negligence of the plaintiff, Frank J. Constentine, which

was a contributing cause of the accident in whole or in part?

"Answer: ___ %

"Are the injuries in this proceeding the proximate result of an accident of April 19, 1952?

"Answer: Yes x No ___

"What was the total amount of damages suffered by the plaintiff, Frank J. Constentine, which was the proximate result of the accident without any consideration being given to negligence or contributory negligence?

"Answer: $55,000.00"

over which the plaintiff had to pass was a circumstance of negligence which obviously made the plaintiff's already difficult task more difficult and was a factor which the jury well might consider in determining whether the work assigned to plaintiff was of such a nature that it demanded more employees than were provided.

Defendant further contends that plaintiff's case is deficient on the issue of whether plaintiff's injuries were attributable to the accident of April 19, 1952, in view of defendant's medical and hospital reports indicating that plaintiff had sustained an injury in June of 1951.

In this connection, the defense was based entirely upon records kept by its own employees. The degree of injury sustained on the different dates was heatedly contested by the parties, with conflicting and irreconcilable testimony, and became an issue of paramount importance in the jury's deliberation. The court, therefore, directed a specific interrogatory to the jury, in answer to which the jury concluded that the injuries in this proceeding were the proximate result of an accident on April 19, 1952.[2]

I see no merit in defendant's argument that the verdict was arbitrary and capricious. The jury appears to have given most studied consideration to the evidence.[3]

It is not claimed that the instructions given by the court were in error or that they failed to state correct principles of law. Nor is it contended that any prejudicial error was committed during the course of trial.

In considering the instant motion for new trial, I have evaluated the complete record and exhibits with meticulous care.

Upon careful scrutiny of testimony elicited from plaintiff's witnesses, I am satisfied that it is consistent, coherent and logically sound, and indeed, creates such inferences from which the jury could have reasonably concluded the negligent conduct of the defendant. To summarily expunge this testimony, and substitute the personal opinion of the court, would do violence to the processes and purport of the jury trial.

The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis in the record for concluding that it was negligence of the employer which caused the injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

Upon recapitulation of all the credible evidence, I am convinced that the quantum of proof is such that a jury could reasonably conclude that failure of defendant Railroad to provide plaintiff with sufficient manpower constituted an unsafe place to work and was a proximate cause of his injury.

It is my considered judgment that the verdict rendered was not against the evidence, weight of the evidence, or the law, and was not arbitrary or capricious.

Counsel for defendant contends that the verdict was contrary to the evidence in that it was excessive. It is axiomatic that a verdict may not be set aside on the ground that it is excessive unless it be so high as to shock the conscience of the court, or it appears that the jury was biased or acted capriciously or unreasonably. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

2. "Are the injuries in this proceeding the proximate result of an accident of April 19, 1952?

"Answer: Yes  x  No     "

3. The jury commenced its deliberations at 10:40 A.M. and did not return its verdict until 4:32 P.M.

As a result of this accident, plaintiff suffered a permanent injury to the disc structure of his spine, resulting in a disease known as arachnoiditis, with a prognosis that said condition would become progressively worse. Plaintiff's life expectancy is 35.9 years. His loss of earnings until date of trial was $8,432.-71. Plaintiff's annual continuing wage loss was $1,000 per annum. In considering an award for pain and suffering, the jury was required to consider actual pain experienced and a span of probable pain in the future encompassing a period of thirty-six years. The jury further had the right to consider plaintiff's medical testimony indicating a progressively worsening condition of the plaintiff that could render him completely and totally disabled.

I am satisfied that the award was commensurate with the amount of damages evinced in the record.

Defendant's motion for new trial will be refused.

An appropriate order is entered.