Ernest **WHITFIELD**, Plaintiff,

v.

**EARL E. KNOX COMPANY** and Chicago Pneumatic Tool Company, Defendants.

Civ. A. No. 306.

United States District Court
W. D. Pennsylvania.
Aug. 29, 1956.

Brooks, Curtze & Gent, Erie, Pa., for plaintiff.

Jones, Benson & Dwyer, Erie, Pa., for defendant Earl E. Knox Co.

Marsh, Spaeder, Baur & Spaeder, Erie, Pa., for defendant Chicago Pneumatic Tool Co.

GOURLEY, Chief Judge.

This is an action based on negligence to recover damages for personal injuries.

Upon jury trial a verdict was returned in favor of plaintiff and against Earl E. Knox Company and Chicago Pneumatic Tool Company in the amount of $25,000.[1]

The matters before the court are two-fold:

1. Defendants' motions to set aside the verdict or for judgment notwithstanding the verdict.

2. Defendants' motions for new trial.

For purposes of brevity, the following abbreviations will be employed:

Scullin Steel Company—"Scullin"

Earl E. Knox Company—"Knox"

Chicago Pneumatic Tool Company— "Pneumatic"

It is undisputed that Pennsylvania law applies.

### Motions to Set Aside the Verdict or for Judgment Notwithstanding the Verdict

This action arose out of a rare and unusual accident that occurred in the power house of Scullin in St. Louis, Missouri, on the morning of February 28, 1952.

Plaintiff was engaged in the course of his employment with Scullin as a laborer, unloading fire brick from a box car into a storage warehouse. A diesel engine ran out of control causing its large cast iron flywheel to disintegrate with segments of the wheel passing through a wall facing on the areaway in which the box car was stationed and in which plain-

---

1. The following interrogatory was submitted:

"Was Louis Bahr guilty of negligence on February 28, 1952, which was the proximate cause of the accident.?

"Answer: Yes."

tiff was working. A fragment of the wheel struck plaintiff resulting in serious injury.

It is undisputed that the diesel had originally been manufactured by Pneumatic and was subsequently reconditioned by Knox, and that Knox had sold Scullin said diesel and had warranted that the diesel unit was in first-class condition.

It is undisputed that by virtue of the initial contracts of sale between Knox and Scullin, Knox was required to furnish a service engineer for the purpose of starting up the diesel equipment. Not having a service engineer available, Knox advised Scullin to secure this expert assistance from Pneumatic.

■ Motion for a directed verdict or judgment notwithstanding the verdict under the Federal Rules raises a question of law only; that is, whether there is any evidence which, if believed, would authorize a verdict against the defendant and the trial court in considering such motion does not exercise any discretion but makes only a ruling of law. California Fruit Exchange v. Henry, D.C., 89 F.Supp. 580, affirmed 3 Cir., 184 F.2d 517; Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498.

■ In passing upon a motion to set aside a verdict for plaintiff and to enter judgment for the defendant, evidence including all reasonable inferences to be drawn therefrom must be taken in the light most favorable to the plaintiff and all conflicts must be resolved in his favor. O'Brien v. Public Service Taxi Co., 3 Cir., 178 F.2d 211.

■ This Circuit has reiterated with great force and particularity the rule that the district court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Where uncertainty as to the existence of negligence arises from a conflict in the testimony, or because the facts being undisputed, fair-minded men will honestly draw different conclusions from them, the question is not one of law but of fact to be settled by the jury. That the choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis in the record for concluding that it was negligence of the defendants which caused the injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

There was ample evidence to require submission to the jury the question of whether or not the failure of Knox to properly recondition and test the engine may have been the proximate cause of the accident.

The record is replete with evidence from which a jury could conclude that Louis A. Bahr, acting in behalf of Pneumatic, failed to make a proper inspection of the unit before placing it in operation, or, having made a proper inspection, failed to take proper precautions to prevent the diesel from operating at a speed in excess of its normal operating speed causing the fly wheel to disintegrate.

■ I am satisfied that the record evinces sufficient credible evidence to support the findings of the jury.

The motions for arrest of judgment or for judgment notwithstanding the verdict must be refused.

### Motions for New Trial

It is contended:

(1) The verdict was against the evidence, the weight of the evidence and the law. More particularly, the following issues are posed:

(a) Was there sufficient evidence of negligence on the part of Knox or its employees to support a verdict against Knox?

(b) Was there sufficient evidence of negligence on the part of Louis A. Bahr to support a verdict against his master and principal, Pneumatic?

(c) Was there sufficient evidence of the status of Louis A. Bahr as an employee of Pneumatic performing his duties in furtherance of the business of Pneumatic to support a verdict against Pneumatic?

(2) The verdict was excessive.

It is not claimed that the instructions given by the court were in error or that they failed to state correct principles of law. Nor is it contended that any prejudicial error was committed during course of trial.

In considering the instant motions for new trial, I have evaluated the complete record and exhibits with meticulous care.

Upon careful scrutiny of testimony elicited from plaintiff's witnesses, and from a most thorough evaluation of testimony and evidence produced by Knox and Pneumatic, I am satisfied that the jury could have reasonably concluded the negligent conduct of both defendants.

To substitute the personal opinion of the court would do violence to the processes and purport of the jury trial. This jury appears to have given most studied consideration to the evidence.[2]

Knox contends, however, that even if it were negligent, its negligence was superseded by the negligent act of Louis A. Bahr, acting in behalf of Pneumatic, which should exonerate Knox from liability.

Section 447 of the Restatement of Torts provides:

"The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor's negligent conduct is a substantial factor in bringing about, if

"(a) the actor at the time of his negligent conduct should have rea-lized that a third person might so act, or

"(b) a reasonable man knowing the situation existing when the act of the third person was done would not regard it as highly extraordinary that the third person had so acted, or

"(c) the intervening act is a normal response to a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent."

Upon recapitulation of all the credible evidence, I am convinced that the quantum of proof is such that a jury could reasonably conclude failure of Knox to properly test and recondition the engine was the proximate cause of plaintiff's injury and that Pneumatic's failure to properly inspect the unit before placing it in operation was the substantial concurrent cause.

It is my considered judgment that the verdict rendered was not against the evidence, weight of the evidence, or the law.

■ Counsel for defendants maintain that the verdict was contrary to the weight of the evidence in that it was excessive. It is axiomatic that a verdict may not be set aside on the ground that it is excessive unless it is so high as to shock the conscience of the court, or it appears that the jury was biased or acted capriciously or unreasonably. Foresman v. Pepin, D.C., 71 F.Supp. 772, affirmed 3 Cir., 161 F.2d 872.

As a result of this accident, the plaintiff sustained a comminuted fracture of the tibia and a fracture of the fibula of the left leg, resulting in a low grade osteomyelitis, a shortening of the leg with permanent impairment in function. In addition, he sustained cerebral concussion and experiences severe headaches.

The plaintiff has been required to undergo major surgery and has been ridden with pain and discomfort.

■ In view of plaintiff's background being that of a laborer in heavy work

---

2. The jury commenced its deliberations at 10:35 A.M. and did not return its verdict until 3:15 P.M.

and his permanent disability from carrying on such labor as a result of the injury, as well as the guarded prognosis indicative of future complications and deterioration, I am satisfied that the award was commensurate with the amount of damages evinced in the record.

Defendants' motions for new trial will be refused.

An appropriate order is entered.