Salvatore **TOMAINE**, Plaintiff,

v.

**PENNSYLVANIA RAILROAD COMPANY**, a Corporation, Defendant.

**Civ. A. No. 12076.**

United States District Court
W. D. Pennsylvania.

Sept. 27, 1956.

Sylvan Libson, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiff brought suit against the defendant railroad to recover damages he suffered as a result of injuries sustained by him while employed on said railroad on February 16, 1953, as a car inspector. On that day there was a derailment. The plaintiff was injured while inspecting a derailed car when a rail sprung on which a crew of men were working. The rail struck the plaintiff's right foot, knocking him to the ground.

Following the accident he was taken to the Rochester Hospital and placed under the care of the company surgeon, Dr. John Boal. According to the hospital records his condition was diagnosed as a "crushed" right foot, sprained right ankle, and sprained left wrist. However, X-rays showed no fractures or dislocations. When he left the hospital he had to use crutches in order to walk and, thereafter, was treated by Doctors Boal, Beaumont, and Kuchinka, the latter being a chiropodist.

On March 28, 1953, he returned to work although he testified that his foot was painful for a year following the accident. The plaintiff also offered the testimony of Dr. Samuel Sherman, who examined him seven and one-half months after the accident and found that the foot was tender on palpitation. He diagnosed the condition as "traumatic periostitis" and recommended heat treatments which plaintiff administered to himself by soaking his foot in hot water.

The jury returned a verdict for the plaintiff in the amount of $5,445. The defendant has filed a motion for a new trial on the grounds:

(1) that the verdict was grossly excessive, and

(2) that the Court erred in the admission of hospital records pertaining to the plaintiff and his injury.

Turning first to the admissibility of the hospital records, the defendant urges

that it was error to admit them because the examining physician, who also was at that time and apparently still is employed by the defendant, diagnosed the injury as a "crushed" right foot and entered this on the records. The defendant urges that the word "crushed" is an inflammatory word and such a wrong description that the hospital record should not be admitted. In fact, defendant only objects to the admission of the word "crushed" and not the record as such. However, it is apparent that this description was the opinion of the examining physician at the time the record was prepared. The defendant offered no evidence to the contrary.

The United States Court of Appeals for the Third Circuit has pointed out that:

"The report is no less admissible because it contains conclusions of experts which are based upon hearsay evidence as well as upon observation. These circumstances, by virtue of express statutory provision, go to weight rather than to admissibility. * * * hospital records are admissible under the statute * * *." Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1950, 183 F.2d 467, 473.

■ The fact that a record contains an opinion is not reason to exclude it from evidence as seen in a recent decision of the United States Court of Appeals for the Third Circuit, in which the Court held that it was proper to admit a certificate of a coroner as proof of the cause of death. It pointed out that "A long line of cases support the view that the documents kept in the ordinary course of business are admissible to show the truth of the facts included therein." Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 1956, 234 F.2d 429, 434. The hospital records in this case were documents kept in the ordinary course of business and were clearly admissible to show the truth of

the facts included therein. The defendant was free to offer evidence to contradict them. It did not do so and it cannot complain that the records were admitted.

■ The defendant also seeks a new trial on the grounds that the verdict was grossly excessive. Under the law:

"A court should not set aside a verdict on the ground that it is excessive unless it is so high as to shock the conscience. In the absence of any showing that the jury was biased or acted capriciously or unreasonably, it will not interfere with the verdict." Foresman v. Pepin, D.C.E.D.Pa.1946, 71 F.Supp. 772, 775.

■ Had this Court been the Finder of Facts, it probably would not have awarded as high damages as did the jury. However, the mere fact that the verdict of the jury is higher than what the Court might have awarded had it heard the case without a jury is not a sufficient reason to award a new trial. The defendant does not complain that the jury was not properly instructed. This Court will not invade the jury's determination of the facts unless the determination was such as to shock the Court's conscience and

"* * * indicate that gross error or reckless disregard of the evidence on the part of the jury in fixing the amount, or that the jury was actuated by some improper motive, or by passion or prejudice, in arriving at its verdict." Vol. 10 Cyclopedia of Federal Procedure § 34.08.

We do not find that gross error or reckless disregard of the evidence was committed by the jury. The Court will not substitute its judgment for that of jury's.

### Order

And Now, to wit, this 27th day of September, 1956, it is Ordered and Directed that defendant's motion for new trial should be and hereby is denied.