***********
The Full Commission has reviewed the Special Deputy Commissioner's Award for additional compensation based on the record of the proceedings before the Special Deputy Commissioner; the appealing party has shown good grounds to reconsider the evidence; and having reviewed the competent evidence of record, the Full Commission hereby reverses the June 1, 2001, Award.
 ***********
Based on the competent evidence of record, the Full Commission enters the following
 FINDINGS OF FACTS
1. Plaintiff was erroneously convicted of the felonies of Second Degree Sex Offense and Second Degree Rape.
2. Plaintiff was incarcerated for four years and twenty-eight days in the North Carolina Department of Corrections for these crimes. The State does not contest compensation pursuant to N.C. Gen. Stat. § 148-84 etseq.
3. In addition, plaintiff was incarcerated for a period of 538 days in the Wilson County Jail while awaiting trial, which time was accepted toward his sentence in the referenced offenses.
4. Plaintiff received a Pardon of Innocence from the Governor of the State of North Carolina on the 9th day of July, 1999, because the crime was not committed at all or was not committed by plaintiff.
5. Plaintiff presented no evidence that he sustained any particular pecuniary loss as a result of his erroneous conviction and subsequent incarceration.
6. Under separate order which was not appealed by either party, Plaintiff was compensated for the four years and twenty-eight days that he was in the custody of the Department of Corrections after his conviction in accordance with N.C. Gen. Stat. § 148-82 et seq.
7. The issue in this claim is whether Plaintiff is entitled to compensation for the period of time applied to his sentence which he served in the Wilson County Jail prior to his conviction. The Industrial Commission finds that the applicable provisions of N.C. Gen Stat. §148-82 et seq. do not provide for compensation for time awaiting trial.
 ***********
The foregoing Findings of Fact engender the following
 CONCLUSION OF LAW
1. Section 148-82 of the General Statutes allows an erroneously convicted person to petition for compensation "sustained by the person through his or her erroneous conviction and imprisonment. . . ." This language requires that the compensation be for imprisonment resulting from the conviction. Although "time served" may be applied to satisfaction of the sentence given for a conviction, such time would have been spent in incarceration because of the arrest, indictment, and failure to post-bond or otherwise secure freedom prior to trial. The time spent in jail could not have been "sustained" or otherwise caused by the conviction when said conviction had not yet occurred. This interpretation is consistent with the general principle expressed by Section 148-82 et seq., that compensation is provided only to erroneously convicted felons who have been pardoned by the Governor, rather than to all persons who have been wrongfully convicted or confined. SeeRobertson v. Huffman, 144 F. Supp. 447, 452 (W.D.N.C. 2001) (claim for erroneous conviction controlled by language of statute). Likewise, the State is not obligated to compensate persons who are confined, but are not subsequently convicted; i.e., there is no compensation for the detained criminally accused who is not subsequently convicted. Finally, the Industrial Commission recognizes that Section 148-84 was amended in 2001 for pardons granted on or after January 1, 2001, to include compensation for "any time spent awaiting trial." Applying the typical rules for statutory construction, there would have been no need for the legislature to expressly add the "time spent awaiting trial" provision if the prior statute, applicable to this case, already contemplated compensation for this time period. Plaintiff's action accrued and is governed by the pre-2001 amendments to Section 148-84; therefore, compensation is not provided for the time period awaiting trial.
 ***********
The foregoing Findings of Facts and Conclusion of Law engender the following
 AWARD
1. Plaintiff is not entitled to compensation for the period spent in Wilson County Jail pending the trial of this case. Plaintiff's claim for additional benefits for this time period, is therefore, DENIED.
No costs are assessed.
 S/________________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/______________ BUCK LATTIMORE CHAIRMAN
DISSENTING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER